UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AVIENTA R.,

                Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:23-CV-00718 EAW

## <u>INTRODUCTION</u>

Represented by counsel, plaintiff Avienta R. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 8; Dkt. 9). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 9) is denied.

- 1 -

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on May 16, 2020. (Dkt. 5 at 19, 232-34, 235-36).[1]  In her applications, Plaintiff alleged disability beginning October 21, 2019.  (*Id.* at 19, 232, 235).  Plaintiff's applications were initially denied on August 6, 2020, and on reconsideration on January 6, 2021.  (*Id.* at 19, 84-85, 121-30).  At Plaintiff's request, a telephone hearing was held before administrative law judge ("ALJ") Brian Lemoine on September 2, 2021.  (*Id.* at 33-61).  On September 14, 2021, the ALJ issued an unfavorable decision.  (*Id.* at 19-27).  Plaintiff requested Appeals Council review; her request was denied on May 24, 2023, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of N.Y.*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

- 4 -

## DISCUSSION

I.   **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through June 30, 2021.  (Dkt. 5 at 21).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 21, 2019, the alleged onset date.  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairment of migraines.  (*Id.* at 22).  The ALJ also found that Plaintiff suffered from the non-severe impairment of mood disorder.  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 23).  In particular, the ALJ considered the requirements of Listings 11.00 and 11.02 in reaching his conclusion.  (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with the nonexertional limitation that Plaintiff is "limited to less than frequent exposure to loud noises or bright lights."  (*Id.* at 23-24).  At step four, the ALJ found that Plaintiff had no past relevant work.  (*Id.* at 26).

At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of router, officer helper, and dining room attendant.  (*Id.* at 26-

27).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 27).

## II.  <u>Remand of this Matter for Further Proceedings is Necessary</u>

Plaintiff asks the Court to reverse the Commissioner's decision, or in the alternative remand the matter for further administrative proceedings, on the following grounds: (1) the ALJ erred when he failed to evaluate the opinion of consultative psychologist Sara Long, Ph.D.; (2) the ALJ failed to address Plaintiff's mental impairments in the RFC; (3) the RFC relies on stale opinions from non-examining State review doctors and the ALJ's lay opinion; and (4) the ALJ failed to properly develop the medical record.  (Dkt. 8-1 at 11-22).  As further explained below, the Court agrees that remand for further proceedings is necessary.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  In making the RFC finding, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  When a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections.  *Id.*  Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the

treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c), 416.920c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id.* §§ 404.1520c(a), 416.920c(a). With respect to "supportability," the Commissioner's regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). With respect to "consistency," the Commissioner's regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions in the case record. *Id.* §§ 404.1520c(b), 416.920c(b). The ALJ must explain how he considered the "supportability" and "consistency" factors for a medical source's opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may—but is not required to—explain how he considered the remaining factors. *Id.*

Although the applicable regulations state that an ALJ "will evaluate every medical opinion [he] receive[s,]" *id.* § 416.927(c), "[a]n ALJ need not recite every piece of evidence

that contributed to the decision, so long as the record permits [the Court] to glean the rationale of an ALJ's decision[,]" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (internal quotation marks omitted). "[F]ailure to discuss and/or weigh a medical opinion is not per se remandable error but may be found harmless error." *Sherry L. v. Comm'r of Soc. Sec.*, No. 20-CV-01432, 2022 WL 2180159, at *6 (W.D.N.Y. June 16, 2022) (collecting cases).

Plaintiff challenges the ALJ's failure to discuss the medical opinion of Dr. Long. (*See* Dkt. 5 at 376-79). On July 31, 2020, Dr. Long conducted a psychiatric evaluation of Plaintiff. (*Id.*). Dr. Long concluded:

> There do not appear to be limitations regarding simple and complex tasks and making appropriate decisions. There may be mild limitations regarding interacting adequately with others and she might benefit from acquiring skills in this area. There do not appear to be limitations regarding maintaining attention and concentration and maintaining a regular schedule. There may be mild limitations regarding regulating emotions. There do not appear to be limitations regarding controlling behavior, maintaining personal hygiene, and awareness of appropriate precautions.
>
> Results of the present evaluation do not appear to be consistent with any psychiatric or cognitive problems which would be expected to significantly interfere with her ability to function on a regular basis.

(*Id.* at 378).

In his decision, the ALJ did reference the exhibit containing Dr. Long's opinion. Specifically, in his determination that Plaintiff's mental impairments were non-severe, the ALJ cited to Dr. Long's report in determining that Plaintiff has no limitation in understanding, remembering, or applying information; a mild limitation in interacting with others; no limitation in concentrating, persisting, or maintaining pace; and a mild limitation

in adapting or managing oneself. (*Id.* at 22-23). But nowhere in the decision did the ALJ mention Dr. Long by name, discuss her opinions, or evaluate their persuasiveness.

As noted, this fact alone is not necessarily grounds for remand. *See, e.g., Tina S. v. Comm'r of Soc. Sec.*, No. 1:21-CV-219 (JLS), 2023 WL 4286039, at *6 (W.D.N.Y. June 29, 2023) ("Failure to discuss medical opinion evidence may be harmless error."); *Gemmell v. Comm'r of Soc. Sec.*, 8:16-CV-1014 (CFH), 2017 WL 3328237, at *5 (N.D.N.Y. Aug. 2, 2017) ("[F]ailure to consider or weigh an opinion may be harmless error where consideration of that opinion would not have changed the outcome.") (collecting cases). Rather, the Court must engage in a consideration of whether the error in failing to address Dr. Long's opinions could have impacted the outcome. *See Graciela S. v. Comm'r of Soc. Sec.*, No. 20-CV-6648-FPG, 2022 WL 896764, at *3 (W.D.N.Y. Mar. 28, 2022) ("At this juncture, the Court cannot conclude that the opinion, and the clinical findings underlying it, could have no effect on the outcome of the ALJ's decision."); *Young v. Kijakazi*, No. 20-CV-03604 (SDA), 2021 WL 4148733, at *11 (S.D.N.Y. Sept. 13, 2021) ("However, even assuming *arguendo* that the ALJ failed to consider Dr. Junga's opinion at all, the Court finds the ALJ's error harmless, because there is no reasonable likelihood that the ALJ's consideration of Dr. Junga's opinion would have changed the administrative outcome.").

Here, the Court cannot conclude that the error in failing to discuss Dr. Long's opinion was harmless because not only was Dr. Long's opinion the only opinion in the record relating to Plaintiff's mental impairments, but any error was compounded by the fact that the ALJ did not discuss his reasons for declining to include any limitations relating

to Plaintiff's mental impairments in the RFC.  "When formulating a claimant's RFC, the ALJ must consider not only her severe impairments, but her non-severe impairments as well."  *Novas v. Kijakazi*, No. 22-CV-1020 (MKV) (BCM), 2023 WL 2614362, at *11 (S.D.N.Y. Mar. 8, 2023) (quotation omitted), *adopted*, 2023 WL 2613550 (S.D.N.Y. Mar. 23, 2023).  "This does not mean, however, that the ALJ must include a specific limitation in the RFC corresponding to each of the claimant's non-severe impairments.  To the contrary: by definition, an impairment which is not severe does not significantly limit the claimant's physical or mental ability to do basic work activities."  *DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *5 (S.D.N.Y. Mar. 21, 2022) (quotation and alteration omitted).

To be sure, there may be justifications for the lack of limitations relating to Plaintiff's mental impairments, and "'mild limitations' do not necessarily 'require the addition of mental limitations in the RFC.'"  *See Lynette W. v. Comm'r of Soc. Sec.*, No. 19-CV-1168-FPG, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9, 2021) (citation omitted); *see also Jane M.A. v. Comm'r of Soc. Sec.*, No. 19-cv-00808, 2021 WL 63066, at *5 (W.D.N.Y. Jan. 7, 2021) ("there are no regulations that mild limitations require mental limitations in the RFC").  But it is the complete failure to discuss and identify those justifications that leaves the Court unable to discern the ALJ's reasoning.  This omission is heightened without an assessment of the persuasiveness of Dr. Long's opinions, which may have provided insight upon which the Court could glean the ALJ's reasoning.

Moreover, the assessment of mental limitations did impact the RFC determination.  At the hearing, the ALJ asked the vocational expert if "in addition to the environmental

limits in the first hypothetical, we're now going to add mental limitations, limiting the person to the performance of simple, routine, repetitive tasks and also, no more than occasional interaction with others, including coworkers and the general public. So, if we're limited to simple, routine, repetitive tasks and no more than occasional interaction with others, does that knock out any of those jobs you gave me in the first hypothetical?" and the vocational expert explained that the dining room attendant job would not be available with those limitations and suggested that the job marker position would be an adequate replacement for the dining room attendant position. (Dkt. 5 at 56). By including the dining room attendant position in the ALJ's decision, it is clear that the ALJ rejected the inclusion of a limitation requiring no more than occasional interaction with others, including coworkers and the general public, but it is not clear why. *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 237 (W.D.N.Y. 2019) ("'[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review,' and '[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.'") (quoting *Loescher v. Berryhill*, No. 16-CV-300-FPG, 2017 WL 1433338, at *3 (W.D.N.Y. Apr. 24, 2017)); *Hickman o/b/o M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) ("The ALJ must build an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review.") (quotations, citation, and alteration omitted).

In sum, taking the present facts as a whole and in light of the issues identified above, the Court is unable to conclude that the ALJ's decision is supported by substantial

evidence. To be clear, the Court takes no position as to whether or not Plaintiff should ultimately be found to be under a disability. It is for the ALJ to determine on remand. *See Newman v. Berryhill*, No. 16 CIV. 9325 (AJP), 2017 WL 4466615, at *19 (S.D.N.Y. Oct. 6, 2017) (noting that "[o]n remand, the ALJ should consider the trends reflected in [Plaintiff's] more recent treatment records and should avoid 'cherry-pick[ing] evidence in support of his own conclusions'"). The Court is simply concluding that the ALJ's conclusions were not supported by substantial evidence, as is required, warranting remand. *See Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585 (S.D.N.Y. 2022) ("Courts frequently remand an ALJ's decision when it ignores or mischaracterizes medical evidence or cherry-picks evidence that supports his RFC determination while ignoring other evidence to the contrary."). Accordingly, because the Court finds error in the ALJ's assessment of medical opinion evidence and that the error cannot be considered harmless, remand is appropriate.

## B.    Plaintiff's Remaining Arguments

To the extent Plaintiff identifies other reasons why she contends the ALJ's decision should be vacated, the Court need not reach those arguments because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 9) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        March 21, 2025
              Rochester, New York